## In re CANAL BANK & TRUST COMPANY, In Liquidation.

### Intervention of Thomas J. FERGUSON.*

No. 14868.

Court of Appeal of Louisiana. Orleans.

June 11, 1934.

Dufour, St. Paul, Levy & Miceli, of New Orleans (Rene J. Waguespack, of New Orleans, of counsel), for appellant.

Miller, Bloch & Martin, of New Orleans, for appellee.

WESTERFIELD, Judge.

On February 19, 1932, Thomas J. Ferguson deposited with the Canal Bank for collection five interest coupons of $50 each and one of $25, which had been detached from bonds issued by Stovall Properties, Inc. These coupons were payable March 1, 1933, at the Canal Bank, paying agents for Stovall Properties, Inc. Funds had been deposited with the Canal Bank by the Stovall Properties, Inc., and were available on March 1st, the due date of the coupons, but for some reason not disclosed by the record a credit was not made to the account of Ferguson until March 21, 1933. In the meanwhile the Canal Bank and other banks in the city of New Orleans were closed on March 2, 1933, reopened again on a restricted basis on March 3, 1933, and the Canal Bank finally placed in liquidation by the State Bank Examiner on May 20, 1933. See In re Canal Bank & Trust Company in Liquidation, Intervention of E. C. Palmer & Co. (La. App.) 154 So. 498.

The object of this intervention, which was filed on November 27, 1933, is to compel the liquidators of the bank to pay over to intervener, Thomas J. Ferguson, the face value of the coupons, $275, with preference and priority in accordance with the provisions of section 1 of Act No. 63 of 1926. The liquidators oppose intervener's claim on the ground that the coupons were deposited with the bank for payment and not for collection, and that therefore the relation between the depositor and the bank was that of debtor and creditor and not that of principal and agent.

The only distinction we can see between this case and the case considered by us in Re Canal Bank & Trust Co. in Liquidation, Intervention of Palmer & Co., supra, is that in this case the bank was the paying agent of the items deposited with it. This we believe to be a distinction without a difference, and are of the opinion that this case, like the Palmer Case, is controlled by the authority of S. E. Hall, Inc., v. Farmers' Trust & Savings Bank, 177 La. 659, 148 So. 909.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.